[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

RECEIVED

NOV 28 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SALIM J. BARHOUMEH                ) | |
|               ) | |
|               ) | |
|               ) | |
| Plaintiff(s),          ) | Case Number: _____ |
|               ) | |
| v.               ) | |
|               ) | |
| ROBERT A. MCDONALD    ) | |
| SECRETARY, DEPARTMENT OF   ) | 16CV10895 |
| VETERANS AFFAIRS        ) | JUDGE KENDALL |
| Defendant(s).         ) | MAG. JUDGE FINNEGAN |

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

1. This is an action for employment discrimination.

2. The plaintiff is    SALIM J. BARHOUMEH    of the

county of    COOK COUNTY    in the state of    ILLINOIS    .

3. The defendant is    ROBERT A. MCDONALD, SECRETARY, DEPARTMENT,  whose
                  OF VETERAN AFFAIRS

street address is  Edward Hines Jr. VA Hospital  ,

(city)  HINES  (county)  Cook  (state)  IL  (ZIP)  60141

(Defendant's telephone number)  ( 708 ) –   202-2216

4. The plaintiff sought employment or was employed by the defendant at (street address)

    EDWARD HINES JR. VA HOSPITAL  (city)  HINES

(county)_____(state)  IL  (ZIP code)  60141

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.  The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☐ was employed but is no longer employed by the defendant.

6.  The defendant discriminated against the plaintiff on or about, or beginning on or about, (month)__APRIL__, (day)__1__, (year) 2012__ .

    04/01/2012- PRESENT, CONTINUOS VIOLATIONS, OF THE, CIVIL RIGHTS ACT VII, EQUAL PAY ACT OF 1963, AMERICAN DISABILITY ACT (ADA) AND THE FAMILY AND MEDICAL LEAVE ACT (FMLA)

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐*has* ☐*has not* filed a charge or charges against the defendant

    asserting the acts of discrimination indicated in this complaint with any of the

    following government agencies:

    (i) ☐ the United States Equal Employment Opportunity Commission, on or about

    (month)_____ (day)_____ (year)_____.

    (ii) ☐ the Illinois Department of Human Rights, on or about

    (month)_____ (day)_____ (year)_____.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is

    attached. ☐ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

    It is the policy of both the Equal Employment Opportunity Commission and the Illinois

    Department of Human Rights to cross-file with the other agency all charges received. The

    plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☑ Yes (month)OCTOBER 5, 2013, MAY 2015, AND AMENDED THROUGH SEPTEMBER 2016 (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day)_____ (year)_____.

THESE ARE ACTIVE AND OPEN CASES

(c) Attached is a copy of the

THERE ARE THREE CASES THAT ARE INCLUSIVE WITH EACH OTHER THAT ARE ONGOING ISSUES YET TO BE RESOLVED OF CONTINUOS PROHIBITED ACTIVITIES AND DISCRIMINATORY ACTION

(i) Complaint of Employment Discrimination,

☑ Yes    ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes    ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not

issued a *Notice of Right to Sue.*

(b) ☐ the United States Equal Employment Opportunity Commission has issued

a *Notice of Right to Sue*, which was received by the plaintiff on

(month)_____ (day)_____ (year)_____ a copy of which

*Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

*those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☑ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

    (c)  ☐  Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d)  ☐  National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e)  ☐  Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f)  ☐  Religion (Title VII of the Civil Rights Act of 1964)

    (g)  ☐  Sex (Title VII of the Civil Rights Act of 1964)

10.   If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.   Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.   The defendant [*check only those that apply*]
    (a)  ☐  failed to hire the plaintiff.

    (b)  ☐  terminated the plaintiff's employment.

    (c)  ☐  failed to promote the plaintiff.

    (d)  ☐  failed to reasonably accommodate the plaintiff's religion.

    (e)  ☐  failed to reasonably accommodate the plaintiff's disabilities.

    (f)  ☐  failed to stop harassment;

    (g)  ☐  retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h)  ☐  other (specify):  The Civil Rights Act VII, American Disability Act (ADA) Title I, Equal Pay Act 1963

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Violates The Family and Medical Leave Act (FMLA), 29 C.F.R. §§ 825.305-.306, 825.310-.311 (1997),

The American Disability Act (ADA) Title I, Rehabilitation Act Of 2013,

The Civil Rights Act VII And The Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA 38 U.S.C. 4301-4335 HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT

SEE NEXT PAGE FOR #13 REGARDING FACTS SUPPORTING THE PLAINTIFFS CLAIM FOR DISCRIMINATION

13.  The facts supporting the plaintiff's claim of discrimination are as follows:

SEE NEXT PAGE FOR #13 REGARDING FACTS SUPPORTING PLAINTIFFS CLAIM OF DISCRIMINATION

The accepted claims in this matter, as stated in Acceptance for Equal Employment Opportunity Commission (EEOC) Investigation And Other Facts Supporting The Plaintiffs Claims Of Discrimination Dated April 2012 - Present are as follows: You alleged discrimination based on reprisal for prior EEO activity and national origin (Palestinian) as evidenced by the following events:

1. From April 2012, to the present complainant had worked weekends due to a tour change by Fred Jackson, Supervisor.

See Next Page For #13 Regarding Facts Supporting Plaintiffs Claim Of Discrimination

2. From April 2012, to the present, complainant works several departments by himself.

3. From April 2012, to the present, complainant received harassing phone calls.

4. From April 2012, through the present, complainant is subjected to racial slurs.

14.  **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.  The plaintiff demands that the case be tried by a jury. ☑ Yes ☐ No

16.  THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a)  ☐  Direct the defendant to hire the plaintiff.

(b)  ☑  Direct the defendant to re-employ the plaintiff.

(c)  ☑  Direct the defendant to promote the plaintiff.

(d)  ☑  Direct the defendant to reasonably accommodate the plaintiff's religion.

(e)  ☑  Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f)  ☑  Direct the defendant to (specify): To Be Reasonably Accommodated For A Qualified

Service Connected Disability And Serious Health Condition And To Award Monetary Relief For Three Years Of Discriminatory Action And Prohibited Activities Based On The Plaintiff National Origin/Disability And Serious Health Condition.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

5

**#13. The Facts Supporting The Plaintiffs Claim Of Discrimination That Was Accepted For Investigation And Other Claims Of Discriminatory Action That Needs To Be Addressed, Amended And Discussed In Regards To This Case Are As Follows:**

5. From April 2012, through the present, management obstructed complainant's congressional complaint regarding abuse of authority, fraud, and unlawful search and seizure.

6. From April 2012, through the present, management deletes complainant's emails.

7. From 2012, to the present, management does not give complainant bonuses or certificates.

8. On or about January 2013, Plaintiff was called on his day off, given a reprimand for disobeying a direct order by Fred Jackson to turn in an application packet on complainant's day off.

9. On June 22, 2013, August 20, 2013 and continuing, Plaintiff was not given a promotion or back pay to GS-6 Medical Support assistant.

10. From July 2012, to the present, Plaintiff is working outside his pay grade and job description.

11. On or about July 7, 2013, Fred Jackson, Supervisor, approved, then disapproved, complainant's leave – one day before he was to go on vacation.

12. On August 8, 2013, complainant was not paid for overtime – tour of duty manipulation, having sick days switched with days off so that complainant would not be paid for overtime.

13. On August 30, 2012- July 2014 complainant was not paid for doing work outside his job description.

The Plantiff was doing work at a Grade And Service GS-9 level, however was being paid at the Grade And Service GS-5 Level and has to be paid for services rendered and violates the Civil Rights Act Of 1964 VII And The Equal Pay Act Of 1963.

14. On April 2012- Present, complainant was not given lunch or breaks and had issues with staffing.

15. On or about October 2013, and continuing, complainant is not given an opportunity to work overtime. [Discrete Act]

16. On or about November 2013, complainant received a performance rating that was lower than previous year's rating. [Discrete Act]

17. On November 16, 2013, complainant was harassed by Delia (RN in the ER) and subsequently given a Letter of Inquiry (LOI) by Fred Jackson, regarding an alleged failure to process paperwork in a timely manner.

18. On December 7, 2013, until December 11, 2013, complainant was suspended. [Discrete Act]

19. On December 7, 2013, until December 11, 2013, complainant was not paid for days worked. [Discrete Act]

20. On December 18, 2013, complainant was not paid for 7 hours of time he spent in mediation. [Discrete Act]

21. On or about January 2014, complainant was threatened with disciplinary action if he communicated with the hospital director or anyone outside his chain of command.

22. From April 2012, and continuing, complainant was not paid for Saturday or Sunday premiums worked and night differential.

23. On April 12, 2012, complainant received Illegal Letter of Inquiry's that should have not been used regarding performance of duties

24. On April 13, and April 20, 2014 complainant was charge AWOL. [Discrete Act]

25. From January 2015, to the present, management is not allowing him to work in the department that he was hired in (Advanced Medical Support Assistant).

26. On May 13, 2015, Fred Jackson (Supervisor) intimidated the complainant by sitting near him and asking questions while he was working on his EEO complaint.

27. From May 13, 2015, to present, management subjected complainant to rotational 48 hour work weeks.

28. From July 2012- Present The Plaintiff has yet to be paid and or compensated for performing same work as Advanced Medical Support Assistant and has meet all the qualifications in performing the same work as his male or female co-workers. Thus The Plaintiff does invoke the Equal Pay Of 1963 and the Lilly Ledbetter analysis act.

29. From September 2013, to the present, management has failed to provide a reasonable accommodation.

30. On or about October 28, 2015, management gave complainant a Fully Satisfactory rating, and precludes complainant from receiving a bonus.

31. Beginning April 26, 2016, and continuing, complainant is threatened with AWOL if he invokes his entitlement to FMLA.

32. On or about April 26, 2016, complainant's supervisor, Shenetia Barnes, threatened to remove complainant's FMLA entitlement.

33.On or about April 26, 2016, complainant was required to re- file/re-certify his FMLA paperwork, although his physician had already filled out the paperwork and it was approved by the agency.

34. FromJune8,2016,to the present ,complainant has been denied a reasonable accommodation (use of FMLA - LWOP).

35. During the month of September 2016, management did not pay complainant for days worked.

36. The Plantiff Recieved a Letter from the Defendant On November 7, 2016 regarding dates and times were changed from Absent Without Leave (AWOL) to Regular paid hours (Please See Attachment).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g)  ☐  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double  damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h)  ☐  Grant such other relief as the Court may find appropriate.


_Salim Joseph Barhoumeh_
(Plaintiff's signature)

  Salim Joseph Barhoumeh
(Plaintiff's name)

  10031 Agatite
(Plaintiff's street address)


(City)  Schiller Park  (State)  IL  (ZIP)  60176


(Plaintiff's telephone number) ( 773 ) –  844-9519


Date:  November 28, 2016

S. B

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

6

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
CHICAGO DISTRICT OFFICE
500 West Madison Street, 20th Floor
Chicago, Illinois 60661-2511
Telephone: (312) 869-8126
Facsimile:  (312) 869-8125

| | |
|---|---|
| SALIM J. BARHOUMEH<br><br>Complainant,<br><br>v.<br><br>ROBERT A. MCDONALD,<br>SECRETARY, DEPARTMENT OF<br>VETERANS AFFAIRS,<br><br>Agency. | EEOC Case No: 440-2015-00015X<br><br><br>Agency No: 200J-0578-2014101619<br><br><br>Administrative Judge:<br>Honorable Brad Fiorito<br><br><br>Date: May 5, 2015 |

**COMPLAINANT'S MOTION TO AMEND THE CHARGE**

COMES NOW Complainant; pursuant to 29 C.F.R, § 1614.106(d) and 1614.606; and pursuant to Acknowledgment and Order in this matter; hereby moves that the charge of discrimination pending before the judge in the matter referenced above be amended to include the following claim:

The accepted claims in this matter, as stated in Acceptance for Investigation, dated September 2, 2014, are as follows:

You alleged discrimination based on reprisal for prior EEO activity and national origin (Palestinian) as evidenced by the following events:

**1. From April 2012, to the present complainant had worked weekends due to a tour change by Fred Jackson, Supervisor.**

Page 1

2. From April 2012, to the present, complainant works several departments by himself.

3. From April 2012, to the present, complainant received harassing phone calls.

4. From April 2012, through the present, complainant is subjected to racial slurs.

5. From April 2012, through the present, management obstructed complainant's congressional complaint regarding abuse of authority, fraud, and unlawful search and seizure.

6. From April 2012, through the present, management deletes complainant's emails.

7. From 2012, to the present, management does not give complainant bonuses or certificates.

8. On or about January 2013, complainant was given a reprimand for disobeying a direct order by Fred Jackson to turn in an application packet on complainant's day off.

9. On June 22, 2013, August 20, 2013 and continuing, complainant was not given a promotion or back pay to GS-6 Medical Support assistant.

10. From July 2012, to the present, complainant is working outside his pay grade and job description.

11. On or about July 7, 2013, Fred Jackson, Supervisor, approved, then disapproved, complainant's leave – one day before he was to go on vacation.

12. On August 8, 2013, complainant was not paid for overtime – tour of duty manipulation, having sick days switched with days off so that complainant would not be paid for overtime.

13. On August 30, 2013, complainant was not paid for doing work outside his job description.

14. On April 2012- Present, complainant was not given lunch or breaks and had issues with staffing.

15. On or about October 2013, and continuing, complainant is not given an opportunity to work overtime. [Discrete Act]

16. On or about November 2013, complainant received a performance rating that was lower than previous year's rating. [Discrete Act]

17. On November 16, 2013, complainant was harassed by Delia (RN in the ER) and subsequently given a Letter of Inquiry (LOI) by Fred Jackson, regarding an alleged failure to process paperwork in a timely manner.

18. On December 7, 2013, until December 11, 2013, complainant was suspended. [Discrete Act]

19. On December 7, 2013, until December 11, 2013, complainant was not paid for days worked. [Discrete Act]

20. On December 18, 2013, complainant was not paid for 7 hours of time he spent in mediation. [Discrete Act]

21. On or about January 2014, complainant was threatened with disciplinary action if he communicated with the hospital director or anyone outside his chain of command.

22. From January 2014, and continuing, complainant was not paid for Saturday or Sunday premiums worked. [Discrete Act]

23. On April 23, 2014, complainant received a Letter of Inquiry.

24. On April 13, and April 20, 2014 complainant was charge AWOL. [Discrete Act]

Complainant moves that the following claims be added to the pending matter:

In answering, Supplemental Request To Agency's First Set Of the Interrogatories, for accepted claim #14 that was set forth, by the Commission, such that it is not confined to events occurring on 9/29/13, but rather will encompass like and related issues spanning from April 2012 to the present, several issues, questions and concerns have been brought, to his attention, while the Complainant, conducted his in-depth analysis, in answering questions that Regional Council has requested.

The issue, regarding rotational weekends, where the Complainant, was forced to work, a rotational forty eight hour work week, in order to receive, a weekend, (When the Complainant was given difficulty in regards to weekends), is a prohibited practice and a form of discrimination.

Within his research, the Complainant, realized not only, a prohibited activity, however several violations of labor laws and encompasses like and related issues, in not receiving, adequate lunches, within this rotational shift that took place and is inclusive, for accepted claim # 14, for this case.

These illegal rotational shifts, have been an issue, since the Complainant, transferred to the Admission and Emergency Room Department and most recently, since the summer of 2014, where its an ongoing issue and yet to be resolved and happened within, the past 45 days and was consecutive and will, continue in the foreseeable future, (unless the Commission addresses these issues), the Complainant, will continuously face, this type of prohibited practice and labor law violations throughout his employment wit the Agency.

No employee should be, faced with and given disciplinary action that is outside of the, scope of the law. The Agency, is not only violating policy, as the Complainant alleges, however are in violation of labor standards.
The Complainant, should not be coerced in choosing, between having a weekend and a shift that is in complete violation of standard labor practice. These actions are discriminatory and should be addressed accordingly.

Since, the Summer 2012 to January 2013 (When his weekends were taken away completely from January 2013 to Summer of 2014) and most recently, from the Summer 2014 to present, these rotational weekends and forty eight hour work weeks, is an ongoing issue and yet to be resolved and is within the, forty five day guideline, for filing a claim, when such prohibited activity, has taken place and should be amended accordingly.
These issues, needs to be updated accordingly, the Complainant, has yet to be paid overtime, for standard forty hour work week, as stipulated by the Department of Labor, SEIU (Union) Agreement, between federal employees, as well as the initial contract that was signed, when the Complainant, was initially hired, at Edward Hines Jr VA Hospital.

All these issues are similar and stems from the same decision maker (Officials From Edward Hines Jr. VA Hospital) that the Complainant, has filed against. This type of behavior is not only, a prohibited activity, however a disrespect, to our Laws, Citizens and Country and should have, no place in the federal service.

Therefore, the Complainant (Salim Barhoumeh), is requesting that these claims, be amended accordingly, within the policy and procedure that the Commission, has set forth, within the complaint process.

Respectfully submitted,

Salim Joseph Barhoumeh,
Complainant
**Edward Hines Jr. VA Hospital**
**U.S. Department of Veteran A**
5000 South 5th Ave
Hines, IL 60141

(708) 202-8387 (office), (773) 844-9519 (mobile)
(708) 202-3114(fax), Sam.Barhoumeh@va.gov
Barhoumehsam1@gmail.com

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
[CHICAGO DISTRICT OFFICE
500 West Madison Street, 20th Floor
Chicago, Illinois 60661-2511

| | |
|---|---|
| SALIM J. BARHOUMEH, Complainant, | EEOC Case No: 440-2015-00015X |
| v. | Agency No: 200j-0578-2014101619 |
| ROBERT A. MCDONALD, SECRETARY | Date: May 5, 2015 |
| DEPARTMENT OF VETERAN AFFAIRS, | Administrative Judge: Honorable Brad Fiorito |
| Agency. | |

## CERFITICATE OF SERVICE

I, Salim J Barhoumeh, hereby certify that on May 5, 2015 I sent a copy of the foregoing Complainant Motion to Amend the Charge as follows:

### EEOC

The Honorable Brad Fiorito                    By Email and Facsimile
Administrative Judge
Chicago District Office
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
Phone: 312-869-8109

Page 6

**Agency Representative**

SHELIA M. FITZPATRICK                    By Email and Facsimile

General Attorney
Chicago Office of Regional Counsel
U.S. Department of Veterans Affairs
P.O. Box 1427
Hines, IL 60141
Tel:  (708) 202-2216
Fax: (708) 202-2239

05/05/2015          Salim J. Barhoumeh

_____

Date                Print Name